## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STATE FARM FIRE & CASUALTY COMPANY :
as subrogee of Anna M. Grove :
1 State Farm Plaza :
Bloomington, IL 61710 :
                                        Plaintiff, :
                    v. : Civ. A. No. _____
RICH ACHIEVER INC. LLC. : **JURY TRIAL DEMANDED**
16654 Mount Michaels Cir. :
Fountain Valley, CA 92708 :
                    And :
NEW WIDETECH INDUSTRIES CO., LTD. :
Section B, 34 FL. :
No. 16-1 Xinzhan Rd. :
Banqiao District :
New Taipei City, Taiwan :
                               Defendants. :

## **COMPLAINT**

1.     Plaintiff, State Farm Fire and Casualty Company ("State Farm"), is a corporation duly organized and existing under the laws of the State of Illinois with its principal place of business located at 1 State Farm Plaza, Bloomington, Illinois 61710, and at all times material hereto was duly authorized to issue insurance policies in the State of Delaware.

2.     Defendant, Rich Achiever Inc. LLC ("Rich Achiever"), is a Delaware limited liability company, with a principal place of business located at 16654 Mount Michaels Cir., Fountain Valley, CA, and at all times material hereto was engaged in the business of designing, manufacturing, assembling, marketing, supplying and/or distributing home consumer products, including dehumidifiers.

3.     Upon information and belief, no member of Rich Achiever is a citizen of Illinois.

4.   Defendant, New Widetech Industries Co., Ltd. ("New Widetech"), is a Taiwanese corporation with its principal place of business located at Section B, 34 FL., No. 16-1, Xinzhan Rd., New Taipei City, Taiwan, and, at all times material hereto, was engaged in the business of designing, manufacturing, assembling, marketing, supplying and/or distributing home consumer products, including dehumidifiers.

## JURISDICTION AND VENUE

5.   The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6.   Venue is properly made in this district pursuant to 28 U.S.C. §1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendant is subject to personal jurisdiction within the district.

## GENERAL ALLEGATIONS

7.   At all times material hereto, State Farm's insured, Anna Grove, owned and resided at the real property located at 784 Upper King Rd., Delaware ("the Property").

8.   At all times material hereto, State Farm provided property insurance coverage to Ms. Grove for the Property.

9.   Prior to February 25, 2020, Ms. Grove purchased a dehumidifier for use at the Property (the "Dehumidifier").

10.  The Dehumidifier was designed, manufactured, assembled, marketed, supplied and/or distributed by Defendant Rich Achiever and/or New Widetech.

11.  The Dehumidifier was branded Idylis with Serial No. 0115030203537 and Model No. 052611.

12. At all times material hereto, Ms. Grove operated the Dehumidifier in the manner in which it was intended by the defendants and in accordance with all warning and instructions.

13. On February 25, 2020, the Dehumidifier overheated and caught fire ("the Fire").

14. The Fire spread from the Dehumidifier and caused significant damage to the Property.

15. The Fire was the result of a defect in the Dehumidifier which existed when it left the control of defendants.

16. Pursuant to the terms and conditions of the applicable insurance policy, State Farm made payments to its insureds in an amount in excess of $200,000 for damages resulting from the Fire.

17. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the Policy, State Farm is subrogated to the rights of its insured to the extent of its payments for any claims against defendants.

## COUNT I:  PLAINTIFF v. DEFENDANT RICH ACHIEVER
## NEGLIGENCE

18. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

19. The Fire and resulting damages were a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of defendant Rich Achiever, its employees, agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

    a. Supplying a product which was defective and negligently designed and/or manufactured;

    b. Failing to properly and safely inspect and test the Dehumidifier before putting it into the stream of commerce;

    c.    Distributing the Dehumidifier in a defective and unreasonably dangerous condition;

    d.    Failing to use reasonable care in the design and manufacture of the Dehumidifier so as to make it safe for its intended use;

    e.    Failing to warn customers about the substantial risk of fire posed by the normal and intended use of the Dehumidifier;

    f.    Failing to design appropriate safeguards in the Dehumidifier to prevent it from causing a fire;

    g.    Failing to provide proper warnings and instructions regarding the Dehumidifier; and

    h.    Such other and further negligent acts or omissions as shall be revealed in discovery.

WHEREFORE, plaintiff demands judgment against defendant Rich Achiever in an amount in excess of $200,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

### COUNT II:  PLAINTIFF v. DEFENDANT RICH ACHIEVER
### BREACH OF IMPLIED WARRANTY

20.    Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

21.    In placing the Dehumidifier into the stream of commerce, defendant Rich Achiever impliedly warranted that the Dehumidifier was safe, merchantable and fit for its intended use.

22.    The Dehumidifier overheated and caught fire while being used for its intended purpose and was therefore not fit for its intended purpose.

23.    The Dehumidifier also lacked proper warnings and instructions regarding the risk of fire associated with Dehumidifier.

24. Defendant breached its implied warranty because the Dehumidifier was unsafe, not of merchantable quality and unfit for its intended uses when it was placed into the stream of commerce.

25. As a direct and proximate result of the aforesaid breach of warranty, the Fire occurred and resulted in damages to the Property.

WHEREFORE, plaintiff demands judgment against defendant Rich Achiever in an amount in excess of $200,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

### COUNT III:  PLAINTIFF v. DEFENDANT NEW WIDETECH
### NEGLIGENCE

26. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

27. The Fire and resulting damages were a direct and proximate result of the negligence, gross negligence, carelessness, omissions, and/or failures to act of defendant New Widetech, its employees, agents and/or servants, acting within the course and scope of their employment, both in general and in the following particulars:

    a. Supplying a product which was defective and negligently designed and/or manufactured;

    b. Failing to properly and safely inspect and test the Dehumidifier before putting it into the stream of commerce;

    c. Distributing the Dehumidifier in a defective and unreasonably dangerous condition;

    d. Failing to use reasonable care in the design and manufacture of the Dehumidifier so as to make it safe for its intended use;

    e. Failing to warn customers about the substantial risk of fire posed by the normal and intended use of the Dehumidifier;

    f. Failing to design appropriate safeguards in the Dehumidifier to prevent it from causing a fire;

  g. Failing to provide proper warnings and instructions regarding the Dehumidifier; and

  h. Such other and further negligent acts or omissions as shall be revealed in discovery.

WHEREFORE, plaintiff demands judgment against defendant New Widetech in an amount in excess of $200,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

## COUNT IV:  PLAINTIFF v. DEFENDANT NEW WIDETECH
## BREACH OF IMPLIED WARRANTY

28. Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

29. In placing the Dehumidifier into the stream of commerce, defendant New Widetech impliedly warranted that the Dehumidifier was safe, merchantable and fit for its intended use.

30. The Dehumidifier overheated and caught fire while being used for its intended purpose and was therefore not fit for its intended purpose.

31. The Dehumidifier also lacked proper warnings and instructions regarding the risk of fire associated with Dehumidifier.

32. Defendant breached its implied warranty because the Dehumidifier was unsafe, not of merchantable quality and unfit for its intended uses when it was placed into the stream of commerce.

33. As a direct and proximate result of the aforesaid breach of warranty, the Fire occurred and resulted in damages to the Property.

WHEREFORE, plaintiff demands judgment against defendant New Widetech in an amount in excess of $200,000 together with interest and the costs of this action, and such other and further relief as this Court deems just and proper.

January 20, 2022

        */s/ Barry Klayman*
        Barry M. Klayman (#3676)
        COZEN O'CONNOR
        1201 N. Market St., Suite 1001
        Wilmington, DE 19801
        T: (302) 295-2035
        F: (215) 701-2209
        bklayman@cozen.com
        *Attorneys for Plaintiff*