# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | : Civ. No. 1:22-cv-00077-MPT<br>:<br>: |
| Plaintiff, | : **JURY TRIAL OF TWELVE**<br>: **DEMANDED**<br>: |
| v. | :<br>: |
| RICH ACHIEVER INC. LLC and NEW WIDETECH INDUSTRIES CO., LTD, | :<br>:<br>:<br>: |
| Defendants. | : |

## DEFENDANT NEW WIDETECH INDUSTRIES CO., LTD.'S MEMORNADUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

William A. Crawford, Esq. (5600)
FRANKLIN & PROKOPIK, P.C.
500 Creek View Road, Suite 502
Newark, DE 19711
T: 302.509.2563
F: 302.594.9785
wcrawford@fandpnet.com
*Attorneys for Defendants*
*New Widetech Industries Co., Ltd and Rich*
*Achiever, Limited, erroneously sued as Rich*
*Achiever Inc. LLC*

1

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................... 5

II.  FACTS ..................................................................................................... 5

    A.   NWT Is a Company Domiciled in Taiwan. ............................... 5

    B.   NWT Has No Contact with Delaware. ....................................... 6

III. LEGAL ARGUMENT ............................................................................ 7

    A.   The Burden Is On Plaintiff To Establish Personal Jurisdiction Over NWT. .................................................................................. 7

    B.   Delaware Has No General Jurisdiction over NWT-- NWT Is Incorporated in, and Has Its Principal Place of Business in, Taiwan. ......................................................................................... 9

    C.   Delaware Has No Specific Jurisdiction over NWT Since NWT Has No Contact With Delaware. ............................................... 10

        1.   NWT Has No Contact / Purposeful Availment with Delaware 11

        2.   This Case Does Not Arise From NWT's Activities in or Directed at Delaware, As None Ever Occurred. ....................... 15

        3.   Exercising Jurisdiction over NWT Would Be Unreasonable. . 16

IV.  CONCLUSION ..................................................................................... 17

CERTIFICATE OF SERVICE .. **ERROR! BOOKMARK NOT DEFINED.**

# TABLE OF AUTHORITIES

**CASES**

*Asahi Metal Industry Co., Ltd. v. Sup. Ct. of California,* 480 U.S. 102, 112 (1987) .................................................................................. 15, 18

*BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) ................................... 11, 12

*Bristol-Myers Squibb Co. v. Sup. Ct*, 137 S. Ct. 1773, 1781 (2017) ................ 17, 18

*Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) .......................... 12, 13, 18, 19

*Daimler AG vs. Bauman,* 571 U.S. 117 (2014) .................................................. 11, 12

*DNA Genotek Inc. v. Spectrum DNA*, 224 F. Supp. 3d 359, 362-363 (D. Del. 2016) ..........................................................................................................9

*Fisher v. Teva PFC SRL*, 212 F. App'x 72, 77 (3d Cir. 2006) .................................18

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021) ..........................................................................................................16

*Genuine Parts Company v. Cepec*, 137 A.3d 123, 135 (Del. 2016) ........................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011) ................................................................................................. 11, 12, 17

*Grimes v. Vitalink Commc'ns Corp.,* 17 F.3d 1553, 1558 (3d Cir. 1994) ........................................................................................................................17

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ..................................................... 10, 13

*Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984) ............................. 12, 17

*Isaacs v. Ariz. Bd. of Regents*, 608 Fed. Appx. 70, 74 (3d Cir. 2015) .....................10

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) ........................ 14, 15

*Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) ..........................................................................................................10

*Merck & Co. v. Barr Labs., Inc*., 179 F. Supp. 2d 368, 375 (D. Del. 2002) ..........................................................................................................19

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498,
   507 (D. Del. 2017) ................................................................................. 11, 16

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) ..... 12, 13, 17

*Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) ........................ 11

*Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1352-53 (Fed. Cir.
   2016) ............................................................................................................... *17*

*Ricoh Co. v. Oki Data Corp.*, 2011 U.S. Dist. LEXIS 90297, at *4 (D.
   Del. Aug. 15, 2011) ......................................................................................... 10

*Shoemaker v. McConnell*, 556 F. Supp.2d 351, 354–55 (D. Del. 2008) ................. 11

*Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir.2018) ...................... 16

*Thompson v. Roman Catholic Archbishop of Wash.*, 735 F. Supp. 2d
   121, 126–27 (D. Del. 2010) .............................................................................. 9

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 453 (3d Cir. 2003) ................. 14

*Univ. of Mass. Med. Sch. v. L'Oreal S.A.*, 2018 U.S. Dist. LEXIS
   192832 *25 (D. Del. 2018) .............................................................................. 16

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 298
   (D. Del. 2002) ................................................................................................. 10

*Walden v. Fiore*, 571 U.S. 277, 284 (2014) .............................................................. 13

*Wolstenholme v. Bartels*, 511 F. App'x 215, 219 (3d Cir. 2013) ............................. 13

### **STATUTES**

10 Del. Code
   § 3104(c)(4) .................................................................................................... 11

Federal Rules of Civil Procedure Rule12(b)(2) .................................................. 7, 9

I. **INTRODUCTION**

Defendant New Widetech Industries Co., Ltd. (hereinafter "NWT") is a foreign product manufacturer incorporated in and with its principal place of business in Taiwan, and manufacturing facilities in Taiwan and China. NWT manufactures its products in Taiwan and China and provides its products to its customers, including Rich Achiever, Limited, in China and Hong Kong (the closest ports to its factory in China.) Thereafter, NWT's customers handle and decide to where and to whom to distribute the products.

NWT has no contact with, and has not purposefully availed itself to, Delaware. Pursuant to Federal Rules of Civil Procedure Rule12(b)(2), NWT requests that this Court dismiss this action against NWT as there is no basis to exercise personal jurisdiction.

II. **FACTS**

A. **NWT Is a Company Domiciled in Taiwan.**

NWT is a Taiwanese company that has been manufacturing dehumidifiers and portable air conditioning units for almost 30 years. Declaration of Jane Shyi ("Shyi Decl.") ¶ 4. NWT was incorporated in Taiwan, has its corporate office in Taiwan, and has two manufacturing facilities, one in Taiwan and one in China. Id. NWT does not maintain offices anywhere else. Id.

B.     **NWT Has No Contact with Delaware.**

- NWT does not have any offices, employees, or sales agents in the U.S., including Delaware. Shyi Decl. ¶ 10.

- NWT has never had bank accounts in Delaware and has never paid taxes in Delaware. Id. ¶ 11.

- NWT has never owned, leased, or controlled any real or personal property in Delaware. Id. ¶ 12.

- NWT has never had any post office boxes, telephone, or fax numbers in Delaware. Id. ¶ 13.

- NWT has never advertised, solicited any business, or otherwise sought to serve any particular market in Delaware. Id. ¶ 14.

- NWT has never been licensed, qualified, or registered to do business in Delaware. Id. ¶ 15.

- NWT has never had an agent for service of process in Delaware. Id. ¶ 16.

- NWT has never manufactured any products in Delaware. Id. ¶ 17.

- NWT has never shipped products to any customers in Delaware. Id. ¶ 18.

- NWT's distributors handled the marketing and distribution of the products they purchase from NWT. Id. ¶ 19. NWT's customers determine to where and to whom to distribute the products they purchase from NWT. Id. ¶ 8. NWT has no

control over to whom or where its customers sell or distribute products that they purchase from NWT. Id.

## III. LEGAL ARGUMENT

### A. The Burden Is On Plaintiff To Establish Personal Jurisdiction Over NWT.

Federal Rule of Civil Procedure Rule 12(b)(2) directs the Court to dismiss a case when the Court lacks personal jurisdiction over a defendant. See *Thompson v. Roman Catholic Archbishop of Wash.*, 735 F. Supp. 2d 121, 126–27 (D. Del. 2010). There are two requirements to exercising personal jurisdiction over a defendant, one statutory and the other constitutional. Plaintiff must show that:

(1) "there is a statutory basis for jurisdiction under the forum state's long arm statute;" and (2) "the exercise of jurisdiction comports with the defendant's right to due process." *DNA Genotek Inc. v. Spectrum DNA*, 224 F. Supp. 3d 359, 362-363 (D. Del. 2016) (citations omitted). Although Delaware's long-arm statute is "'construed to the maximum extent possible under the due process clause,' and these two tests are 'independent' and cannot be 'collapsed into a single constitutional inquiry.'" Id. at 363. Accordingly, personal jurisdiction over a defendant is only proper if it both meets the requirements of Delaware's long-arm statute and, separately, comports with due process. Id.

To establish personal jurisdiction, sufficient facts must be presented to establish that jurisdiction is proper." *Ricoh Co. v. Oki Data Corp.*, 2011 U.S. Dist.

LEXIS 90297, at *4 (D. Del. Aug. 15, 2011). "A plaintiff must allege sufficient facts to establish personal jurisdiction" when it is contested. *Isaacs v. Ariz. Bd. of Regents*, 608 Fed. Appx. 70, 74 (3d Cir. 2015). "If the defendant contradicts the plaintiff's allegations through opposing affidavits, . . . a plaintiff must present particular evidence in support of personal jurisdiction." Id. This burden can only be discharged through the assertion of sufficient contacts between the defendant and the forum state with sufficient particularity. E.g., *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (To make out a prima facie showing of personal jurisdiction, plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state.")

When a non-resident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing, by a preponderance of the evidence and with reasonable particularity, that the defendant "purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits [and] protections of its laws." *Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 298 (D. Del. 2002) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

State Farm must meet "its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence … [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule

8

12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990). Conclusory allegations need not be credited. *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 507 (D. Del. 2017).

    **B.**    **Delaware Has No General Jurisdiction over NWT-- NWT Is Incorporated in, and Has Its Principal Place of Business in, Taiwan.**

General jurisdiction under Delaware's long-arm statute, 10 Del. Code § 3104(c)(4), requires contacts with the forum state that are "continuous and substantial." *Shoemaker v. McConnell*, 556 F. Supp.2d 351, 354–55 (D. Del. 2008). Indeed, general jurisdiction may be exercised over foreign defendants only "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011) (citations omitted).

In *Daimler AG vs. Bauman,* 571 U.S. 117 (2014) and *Goodyear Dunlop Tires Operations, S.A., supra,* 565 U.S. 915, 919 (2011), the U.S. Supreme Court clarified that a "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG, supra*, 571 U.S. at 127 and *Goodyear, supra*, 564 U.S. at 919).

9

"The 'paradigm' forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business." Id. at 1558.

Applying the *Daimler* analysis, the current state of the law is that general jurisdiction exists, with rare exceptions, only over those entities that are organized in Delaware or have chosen Delaware for their principal place of business because those affiliations are "unique" and "easily ascertainable." *Genuine Parts Company v. Cepec*, 137 A.3d 123, 135 (Del. 2016), quoting *Daimler*, supra, 571 U.S. at 137.

NWT is incorporated in and has its principal place of business in Taiwan. Shyi Decl. ¶ 4. There is no evidence that NWT is "at home" in Delaware. Thus, there is no basis to exercise general jurisdiction.

    **C.**    **Delaware Has No Specific Jurisdiction over NWT Since NWT Has No Contact With Delaware.**

To determine whether there is specific jurisdiction over a nonresident defendant, courts undertake a three-part inquiry. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). First, "the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985). Second, "the plaintiff's claim must 'arise out of or relate to' at least one of those purposefully directed activities." *Id. (citing Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984)). Third, "**if the first two requirements are met**, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" Id. *(citing*

*Burger King*, 471 U.S. at 476; *see also O'Connor* v. *Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). **Failure to meet any one of the three requirements means personal jurisdiction may not be invoked**. *See Wolstenholme v. Bartels*, 511 F. App'x 215, 219 (3d Cir. 2013). There is no evidence to meet any of the three requirements for specific jurisdiction.

### 1. NWT Has No Contact / Purposeful Availment with Delaware

The first threshold that must be crossed is that the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *O'Connor*, supra, 496 F.3d at 317 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. *Id.* For a court to exercise specific jurisdiction over a defendant, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The relationship between the defendant and the forum state "must arise out of contacts that the 'defendant [itself]' creates with the forum State." *Id.*

Purposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in the forum state or conduct which can be properly regarded as a prime generating cause of the effects resulting in the forum state, something more than a passive availment of the forum state's opportunities. See *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 453 (3d Cir. 2003). The purposeful

availment requirement serves to protect a defendant from being hailed into a jurisdiction by virtue of "random," "fortuitous," or "attenuated" contacts. Id. at 455. The principal inquiry is "whether the defendant's activities manifest an intention to submit to the power of a sovereign." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011).

Here, NWT did not act in any manner to purposefully avail itself or have contact with Delaware. NWT manufactures dehumidifers in China and Taiwan, then sells them to various distributors including Rich Achiever, Limited (hereinafter "Rich Achiever"). Shyi Decl. ¶¶ 4, 6. NWT would provide its products to Rich Achiever at Jiangmen, China, and Hong Kong, the ports closest to NWT's factory in Guangdong, China. Id. ¶ 6. NWT has never manufactured any products in Delaware. Id. ¶ 17. NWT has never shipped products to any customers in Delaware. Id. ¶ 18. In fact, NWT's customers, such as Rich Achiever, determine to where and to whom to distribute the products they purchase from NWT. Id. ¶ 8. NWT has no control over to whom or where its customers sell or distribute products purchased from NWT. Id. There is no evidence to satisfy the first requirement and specific jurisdiction should not be exercised.

Using it as a jurisdictional hook, State Farm alleges: "The [subject] Dehumidifier was… marketed, [and] distributed by… New Widetech." (Complaint ¶ 10.) The allegation that NWT marketed and distributed the subject dehumidifier is

12

untrue. Shyi Decl. ¶ 19. NWT's distributors handled the marketing and distribution of the products they purchase from NWT. Id.

In addition, the U.S. Supreme Court and Delaware Courts have repeatedly rejected this "stream of commerce" argument (which contends specific jurisdiction exists over a non-resident defendant who placed goods into the stream of commerce with the knowledge the goods could end up in the forum State).

In *Asahi Metal Industry Co., Ltd. v. Sup. Ct. of California,* 480 U.S. 102, 112 (1987), the U.S. Supreme Court in a plurality opinion held "**the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State**" and "**mere awareness that the stream of commerce may or will sweep the product into the forum State**" similarly does not demonstrate purposeful availment in a forum State**. *Asahi*, supra, 480 U.S. 102, 112 (1987). It further instructed:

> [t]he plaintiff must instead adduce evidence of additional conduct which indicates 'an intent or purpose to serve the market in the forum State . . .' For example, evidence the defendant advertises or markets its products in the forum State.

*Id.* There is no evidence that NWT acted with an intent to serve the market in Delaware, such as advertising or marketing in Delaware. Shyi Decl. ¶14.

The U.S. Supreme Court in *J. McIntyre, supra*, 565 U.S. at 882, reaffirmed its rejection of "stream of commerce" as a basis to exercise specific jurisdiction:

>[t]he defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, **it is not enough that the defendant might have predicted that its goods will reach the forum State**.

To satisfy the first element, the foreign defendant must take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021). Plaintiff must show the foreign defendant "deliberately 'reached out beyond its home' - by, for example, 'expoi[ting] a market' in the forum State or entering a contractual relationship centered there." Id. (citing *Ford Motor*, 141 S.Ct. at 1025.)  It is insufficient to demonstrate foreign manufacturer's "efforts 'to exploit a national market' that 'necessarily included Delaware. See *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir.2018). There is simply no evidence of NWT purposefully availing itself to Delaware.

To exercise personal jurisdiction over a foreign defendant under a stream of commerce theory, the defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum state." E.g., *Univ. of Mass. Med. Sch. v. L'Oreal S.A.*, 2018 U.S. Dist. LEXIS 192832 *25 (D. Del. 2018) (quoting *Nespresso*, supra, 263 F. Supp. 3d at 503-04) (internal quotations omitted). In order for the stream of commerce theory to be satisfied, a plaintiff must show that "(1) there is an intent or purpose on the part of the [defendant] to serve the Delaware market, and (2) that intent or purpose. . . results in the introduction of the product to

14

[Delaware] and plaintiff's cause of action arises from injuries caused by that product." *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1352-53 (Fed. Cir. 2016). There is no evidence that NWT purposefully targeted or availed itself to Delaware. Thus, the first requirement for specific jurisdiction is not met.

### 2. This Case Does Not Arise From NWT's Activities in or Directed at Delaware, As None Ever Occurred.

There is also no evidence to meet the second requirement for specific jurisdiction which requires that the lawsuit must involve claims which arise out of or relate to the defendant's forum-related activities. *O'Connor*, supra, 496 F.3d at 318 (citing *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 414 (1984); *Grimes v. Vitalink Commc'ns Corp.,* 17 F.3d 1553, 1558 (3d Cir. 1994)). The U.S. Supreme Court has been clear that **where there is no connection between the claims made in the lawsuit and the specific defendant's conduct in or aimed at the forum, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State**." *Bristol-Myers Squibb Co. v. Sup. Ct*, 137 S. Ct. 1773, 1781 (2017) (citing *Goodyear*, 564 U.S. at 931, n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."))

Here, there is no evidence of any State Farm's claims arose out of NWT's contacts with Delaware. Thus, the second requirement is also not met.

15

### 3. Exercising Jurisdiction over NWT Would Be Unreasonable.

Only if the first two requirements are met, may the Court consider additional factors to "ensure that the assertion of jurisdiction, comports with fair play and substantial justice." *Burger King,* supra, 471 U.S. at 476. Even though the first two requirements are not met, NWT will discuss the third requirement just to provide its analysis.

Generally, a court must consider several factors, including: (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy. *Fisher v. Teva PFC SRL*, 212 F. App'x 72, 77 (3d Cir. 2006). The U.S. Supreme Court has recently noted that when evaluating personal jurisdiction "the 'primary concern' is 'the burden on the defendant.'" *Bristol-Myers*, supra, 137 S. Ct. at 1780. In cases involving a foreign defendant, such as NWT, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi,* supra, 480 U.S. at 114.

Here, the burden to NWT in defending in Delaware is extreme. Taiwan is about 8,000 miles from Delaware. See id. (identifying distance as relevant to assessing burden). NWT, a company based in Taiwan with manufacturing facilities in Taiwan and China, has no employees in the United States and very few employees

speak English. Shyi Decl. ¶¶ 4, 5, 10. NWT has no offices in the United States. Id. ¶ 10. Thus, NWT's costs for translation and travel alone are highly burdensome and this Court's exercise of jurisdiction would be unreasonable.

In addition, Delaware has no interest in this case as neither party resides in Delaware nor is affiliated with Delaware. See *Burger King*, supra, 471 U.S. at 478. State Farm admits it is duly organized and exists under the laws of the State of Illinois and has its principal place of business in Bloomington, Illinois. (Complaint ¶ 1.) As neither party has any significant contacts in Delaware, Delaware's interest in adjudicating the dispute is minimal. *Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 375 (D. Del. 2002) ("In light of [the defendant's] insignificant contacts with Delaware the Court further concludes that Delaware has no interest in adjudicating this case."). Accordingly, dismissal of State Farm's Complaint is warranted for lack of personal jurisdiction.

///

///

///

///

## IV.   CONCLUSION

Based on the foregoing, NWT respectfully requests that the Court dismiss this case for lack of personal jurisdiction.

Respectfully submitted,

Dated: 5/31/2022  **FRANKLIN & PROKOPIK, P.C.**
*/s/William A. Crawford*
William A. Crawford, Esq. (5600)
500 Creek View Road, Suite 502
Newark, DE 19711
T: 302.509.2563
F: 302.594.9785
wcrawford@fandpnet.com
*Attorneys for Defendants New Widetech Industries Co., Ltd. and Rich Achiever, Limited, Erroneously sued as Rich Achiever Inc. LLC*

18