## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

STATE FARM FIRE & CASUALTY
COMPANY, as subrogee of Anna M. Grove,

Plaintiff,

v.

RICH ACHIEVER INC. LLC and NEW
WIDETECH INDUSTRIES CO., LTD.,

Defendants.

**JURY TRIAL DEMANDED**

Civ. A. No. 1:22-cv-00077-MPT

## STIPULATED PROTECTIVE ORDER

Plaintiff State Farm Fire & Casualty Company as subrogee of Anna M. Grove
("Plaintiff") and Defendant Rich Achiever Limited ("Defendant) hereby stipulate to the
protective order in the above captioned matter as follows:

During the course of discovery, it may be necessary to disclose certain confidential
information relating to the subject matter of this action. Certain categories of such information
should be treated as confidential, protected from disclosure outside this litigation, and used only
for purposes of prosecuting or defending this action and any appeals. Defendant requests entry of
a protective order to limit the disclosure, dissemination, and use of certain identified categories
of confidential information.

In support of their request, Defendant asserts that protection of the identified categories
of confidential information is necessary because this case involves information not generally
available to the public may be introduced regarding the incident. This includes for illustration

protected financial information, trade secrets, and records that may put the business entity Defendant at a competitive disadvantage.

Parties agree to abide by the discovery dispute process outlined in para. 7(g) of the Court's Scheduling Order (ECF Doc. No. 27) should counsel find they are unable to resolve a discovery dispute relating this protective order.

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 1.0    PURPOSES AND LIMITATIONS AND THE SHOWING OF GOOD CAUSE

Good cause exists for entry of this Protective Order because the Parties to this action, which include defendant product manufacturers: (1) expect to seek the discovery of certain information in this action that is sensitive, private, and confidential, such as product design documents, product specifications, testing materials and documents that third parties might believe is sensitive, private, and confidential, including, but not limited to, (a) information concerning the amounts paid under and other terms in confidential contracts entered into by the Parties with third parties, and the financial and other terms of contracts entered into by the Parties that are competitively sensitive and that would harm the Parties if such terms were disclosed to their competitor, (b) other information that constitutes proprietary information,

2

confidential business information, information that a Party or third party may need, for any business, employment or competitive purposes, to be protected from disclosure, (c) trade secrets, and/or information in which a Party or any third party has a privacy interest, including personnel records of third party employees, or former employees, and (d) information that is subject to protection from disclosure, or limitation upon disclosure, under applicable law;

(2) believe that unrestricted disclosure or dissemination of such Confidential Information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

Accordingly, the parties hereby agree to act in accordance with the provisions of this Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2.0   DEFINITIONS

**2.1**    Party: any party to this action, including all of its officers, directors, employees, and outside counsel (and their support staff).

**2.2**    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, including items or information produced by third parties in response to subpoenas or other discovery request in this case.

3

**2.3** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: medical records, personnel files, proprietary business records, tax returns, financial statements and other business records of the business entity defendant, and records whose disclosure is restricted or prohibited by statute, etc. Information or documents that are available to the public may not be designated as Confidential Information. The designating party must identify the reason any such item is marked "Confidential Information" at the time of production.

**2.4** "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. The designating party must identify the reason any such item is marked "Highly Confidential – Attorneys' Eyes Only" at the time of production.

**2.5** Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.6** Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.7** Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

4

**2.8**    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

**2.9**    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.10**    House Counsel: attorneys who are employees of a Party or who are employees of a parent of a Party and who are providing certain legal services to such Party.

**2.11**    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

**2.12**    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13**    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.0    SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted in part, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.0    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing

or a court order otherwise directs and then such confidentiality obligations shall cease to remain in effect only as to that material subject to the Designating Party's written agreement or the court order.

## 5.0    DESIGNATING PROTECTED MATERIAL

**5.1    Exercise of Restraint and Care in Designating Material for Protection.** Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

**5.2    Mass, Indiscriminate, or Routine Designations Prohibited.** Mass, indiscriminate, or routine designations are prohibited. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.3    Manner and Timing of Designations.** Except as otherwise provided in this Protective Order (e.g., section 5.4 below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

> **5.3.1**    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

**5.3.2** for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record or in writing within 30 days of the receipt of the transcript all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may designate the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

**5.3.3** for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as

7

"Highly Confidential - Attorneys' Eyes Only."

**5.3.4** Information produced by a third party in response to a subpoena, deposition or other discovery request in this case may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by any Party by making such designation within ten (10) days from the date the information is produced by the third party.

**5.4** **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## 6.0 CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1** **Timing of Challenges.** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2** **Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party

must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      **6.3    Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. *See D. Del. L.R. 7.1.1 MPT 6/14/2022*

      **6.4** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.0   ACCESS TO AND USE OF PROTECTED MATERIAL

      **7.1    Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11.0 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

**7.2.1** the Receiving Party's Outside Counsel of record in this action or additional counsel designated by the Receiving Party, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information or item for this litigation;

**7.2.2** the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

**7.2.3** experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgement and Agreement to be Bound attached hereto as Attachment 1;

**7.2.4** the Court and its personnel and any mediator and members of the jury;

**7.2.5** court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

**7.2.6** witnesses in the action to whom disclosure is reasonably necessary and who have signed the Acknowledgement and Agreement to be Bound attached hereto as Attachment 1.

**7.2.7** the author of the document, any person who had received it prior to this

litigation (i.e., addressees), or the original source of the information or item to whom disclosure is reasonably necessary and who have signed the Acknowledgement and Agreement to be Bound attached hereto as Attachment 1.

**7.3**    **Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

**7.3.1**  the Receiving Party's Outside Counsel of record in this action or additional counsel designated by the Receiving Party, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information or item for this litigation;

**7.3.2**  House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation as well as support staff of said counsel to whom it is reasonably necessary to disclose the information or item for the litigation;

**7.3.3**  Experts (as defined in this Protective Order) to whom disclosure is reasonably necessary for this litigation, and who have signed the Acknowledgement and Agreement to be Bound attached hereto as Attachment 1;

**7.3.4**  the Court and its personnel and any mediator;

**7.3.5**  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

**7.3.6**  the author of the document, any person who had received it prior to this

11

litigation (i.e., addressees), or the original source of the information or item, to whom disclosure is reasonably necessary and who have signed the Acknowledgement and Agreement to be Bound attached hereto as Attachment 1.

## 8.0   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party's Counsel, in writing (by email or fax, if possible) immediately and in no event more than seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or from this court in another matter.

12

**9.0     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Protected Materials that are subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or grounds on which production of that information should not be made to any Party ("Inadvertent Production Material") are inadvertently produced, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity. If a claim of inadvertent production is made pursuant to this Protective Order, the Party possessing the Inadvertent Production Material shall: (a) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (b) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; (c) not use the Inadvertent Production Material for any purpose until further Court order ; (d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (e) request such person or persons to execute the Acknowledgment and Agreement to Be Bound attached hereto as Attachment 1.

If destruction or return of Inadvertent Production Material under this Paragraph is not reasonably possible, then the Receiving Party shall take reasonable steps to terminate any access to the contents of Inadvertent Production Material. A Party claiming inadvertent production pursuant to this Protective Order may move the Court for an order compelling production of the claimed Inadvertent Production Material. While such a motion is pending, the Litigation Materials-in-question shall be treated as Inadvertent Production Material, and such motion may

not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

**10.0   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy all of the Protective Material, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material and delete any electronic form of the Protected Material, except counsel may retain copies of said "CONFIDENTIAL" material as required by the Rules of Professional Conduct for client file retention..

**11.0   MISCELLANEOUS**

**11.1   Right to Further Relief.**  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**11.2   Right to Assert Other Objections.**  By entering into and stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**11.3**   This Protective Order does not apply to public records or records in the public domain.

**11.4**   A Party to this Protective Order may file a motion in limine to seek or prevent the admission of evidence at trial on grounds other than the mere existence of this Protective Order.

14

The motion in limine shall be heard by the Court under seal or under in-camera review.

     **11.5**    Nothing in this Order shall:

        **11.5.1** Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

        **11.5.2** Preclude any Party from seeking any further or additional protection not provided in this Order;

        **11.5.3** Preclude any party from using its own CONFIDENTIAL information in any manner it sees fit, without the prior consent of any other person or the Court. Nothing in this Protective Order shall require the disclosure of such use;

        **11.5.4** Prevent a party from using CONFIDENTIAL or "HIGHY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material at trial, during depositions, or any other manner to prosecute or defendant a claim in this litigation; or

        **11.5.5** Prevent the Court from disclosing any facts relied upon in making any evidentiary rulings, rulings on motions, or orders of whatever description.

     **11.6**    Nothing herein shall be construed to affect in any way the discoverability of any document, testimony or other evidence or the admissibility of any document, testimony or other evidence at trial.

## 12.0    REVOCATION AND MODIFICATION

     This Protective Order is subject to revocation and modification by order of the Court upon written stipulation of the Parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

## 14.0    ORDER APPLICABLE UPON FILING WITH THE COURT

Upon filing this Protective Order with the Court, the parties agree to treat it as "so Ordered," subject to any future modifications by agreement of the parties or by the Court.

IT IS SO ORDERED.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

Dated: 6/14/2022

16

**ATTACHMENT 1 TO PROTECTIVE ORDER**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, [print or type full name]_____, of [print or type full

address] _____, declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued by the United

States District Court for the District of Delaware, in the case *State Farm Fire & Casualty*

*Company v. Rich Achiever Limited., et al.*, Civil Action No. 1:22-cv-00077-MPT.

I agree to comply with and to be bound by all the terms of this Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Protective Order to any person or entity

except in strict compliance with the provisions of this Protective Order.

Date: _____

_____
[city and state where sworn and signed]

_____
[printed name]

_____
[signature]

17